IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CRITCHFIELD PHYSICAL THERAPY, P.C. d/b/a MONTGOMERY COUNTY PHYSICAL THERAPY, individually and as representative of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>THE TARANTO GROUP, INC.,<br><br>Defendant. | Case No.  12-cv-2087 CM/KMH |

## NOTICE OF REMOVAL

COMES NOW, Defendant The Taranto Group, Inc., by and through its attorneys of record, Frischer & Schaffer, Chtd., pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby gives notice of the removal of this action to this Court from the District Court of Johnson County, Kansas. As grounds for removal Defendant states as follows:

### I. GROUNDS FOR REMOVAL

1.  Removal of this matter is based on the U.S. Supreme Court's decision in *Mims v. Arrow Financial Services, L.L.C.*, ___ U.S. ___, 132 S.Ct. 740 (2012), issued on January 18, 2012. *Mims* established that federal question jurisdiction under 28 U.S.C. § 1331 exists for private claims brought for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA). [*Mims* opinion attached as **Exhibit A**]

2.  The claims brought by the Plaintiff class in this action are private claims for the alleged violation of the TCPA by Defendant. [First Amended Class Action

{00062012.DOC}

Petition attached as **Exhibit B**, Intervenor's Class Action Petition, attached as **Exhibit C**]

## II. REMOVAL IS TIMELY

3. Prior to *Mims*, the law in the Tenth Circuit was that TCPA cases did not present a federal question that would create the basis for federal jurisdiction. *U.S. Fax Law Center, Inc. v. iHire, Inc.*, 476 F.3d 1112, 117 (10th Cir. 2007) (noting "Congress's apparent purpose in divesting federal courts of federal question jurisdiction over TCPA claims...;" and further stating, "Federal courts would hear only those TCPA claims that qualify for diversity jurisdiction."). Citing to *iHire*, the U.S. District Court for the District of Kansas confirmed in early 2008 that TCPA claims do not provide for federal question jurisdiction under 28 U.S.C. § 1331. *Fun Services of Kansas City, Inc. v. Hertz Equipment Rental Corp.*, 2008 WL 341475, *3 (D.Kan.).

4. At the time this action was originally filed on November 1, 2007 in the District Court of Johnson County, Kansas, Defendant had no reasonable basis to remove the case to federal court on grounds of federal question jurisdiction under 28 U.S.C. § 1331 due to the Tenth Circuit's opinion in *iHire*.[1]

5. *Mims* established that federal question jurisdiction under 28 U.S.C. § 1331 does exist for TCPA claims and overturned lower court precedent from numerous appellate circuits to the contrary. *Mims*, 132 S.Ct. at 753.

---

[1] A corporate defendant that is no longer a party to this case but is ostensibly related to Defendant previously filed a Notice of Removal of this same matter based on diversity of citizenship under 28 U.S.C. § 1332, but the case was remanded to state court on the basis that the amount in controversy requirement had not been satisfied. *Geissman, M.D., P.C. v. Aestheticare, L.L.C.*, 622 F.Supp.2d 1091 (D.Kan. 2008).

6. 28 U.S.C. § 1446(b)(3) states as follows:

(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

7. The *Mims* decision constitutes an "order or other paper from which it may be first ascertained that the case is on which is or has become removable," entitling Defendant to file this removal under 28 U.S.C. § 1446(b)(3). *E.g.*, *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 268 (5th Cir. 2001); *Haag v. Webster*, 434 F.Supp.2d 732, 734 (W.D. Mo. 2006); *Ancar v. Murphy Oil, U.S.A., Inc.*, 2006 WL 2850445, *3-4 (E.D. La.); *Winningkoff v. American Cyanamid*, 2000 WL 235648, *4 (E.D. La.).

8. In addition and in the alternative, federal courts have held that the issuance of a higher court decision that fundamentally changes the landscape of federal question jurisdiction creates a basis for removal under 28 U.S.C. § 1446(b)(3). *E.g.*, *Haag v. Webster*, 434 F.Supp.2d 732, 734 (W.D. Mo. 2006); *Landry v. Cross Country Bank*, 431 F.Supp.2d 682, 686 (S.D. Tex. 2003); *Davis v. Time Ins. Co.*, 698 F.Supp. 1317, 1322 (S.D. Miss. 1988). *Mims* falls within that category of cases that creates a fundamental change in the landscape of federal question jurisdiction in TCPA cases such as this one.

9. This removal is filed within 30 days of the issuance of the *Mims* decision by the U.S. Supreme Court.

### III. REMOVAL TO THIS DISTRICT IS PROPER

10. Removal to this Court is proper because the District Court of Johnson County, Kansas, Tenth Judicial District, lies within the District of Kansas.

11. Promptly upon filing of this Notice of Removal, the Defendant will give written notice to all adverse parties as required by law and will file a true and correct copy of the Notice of Removal with the Clerk of the District Court of Johnson County, Kansas as required by law.

12. This Notice of Removal is signed by Defendant's counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure.

13. Defendant designates Kansas City, KS as the place of trial.

14. Defendant requests a trial by jury.

WHEREFORE, Defendant The Taranto Group, Inc., gives notice of the removal of the case filed in the District Court of Johnson County, Kansas to the United States District Court for the District of Kansas.

*Respectfully submitted*,

FRISCHER & SCHAFFER, CHARTERED


|     s/Mark B. Schaffer | |
|---|---|
| Leonard R. Frischer | KS# 12476 |
| lfrischer@frislaw.com | |
| Mark B. Schaffer | KS# 20221 |

mschaffer@frislaw.com
12980 Foster, Suite 370
Overland Park, KS 66213
***ATTORNEYS FOR DEFENDANT
THE TARANTO GROUP, INC.***

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a true and correct copy of the above and foregoing document on counsel of record by ( X ) electronically filing with the Clerk of Court using the CM/ECF system which sent notification to of such filing, ( X ) placing the same in the United States mail, postage prepaid, ( ) facsimile to the telephone numbers listed below, or ( ) hand delivery, on this 9th day of February, 2012 to:

Rex Sharp, Esq.  
Barbara Frankland, Esq.  
GUNDERSON, SHARP & WALKE, L.L.P.  
5301 W. 75th Street  
Prairie Village, KS 66208  

Max Margulis, Esq.  
MARGULIS LAW GROUP  
28 Old Belle Monte Road  
Chesterfield, MO 63017  

Brian Wanca, Esq.  
Ryan Kelly, Esq.  
ANDERSON & WANCA  
3701 Algonquin Rd., Suite 760  
Rolling Meadows, IL 60008  

Phillip Bock, Esq.  
BOCK & HATCH, L.L.C.  
134 N. La Salle Street, Suite 1000  
Chicago, IL 60602  

***ATTORNEYS FOR PLAINTIFF***


_____s/Mark B. Schaffer_____  
Mark B. Schaffer  
*For the Firm*

{00062012.DOC}                6