IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CRITCHFIELD PHYSICAL THERAPY, P.C., d/b/a/ MONTGOMERY COUNTY PHYSICAL THERAPY, individually and as representative of a class of similarly situated persons,**<br><br>Plaintiff,<br><br>v.<br><br>**THE TARANTO GROUP, INC.,**<br><br>Defendant. | No. 12-2087-CM |

## MEMORANDUM AND ORDER

Plaintiff Critchfield Physical Therapy, P.C. d/b/a Montgomery County Physical Therapy, brings this action individually and on behalf of a certified class against defendant The Taranto Group, Inc.[1] Plaintiff alleges that defendant's unsolicited faxes violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The action was originally filed in the District Court of Johnson County, Kansas, on November 1, 2007. On February 9, 2012, defendant filed a notice of removal pursuant to the United States Supreme Court's decision in *Mims v. Arrow Financial Services, L.L.C.*, __ U.S. __, 132 S. Ct. 740 (2012), holding that federal question jurisdiction exists under 28 U.S.C. § 1331 for private claims for damages brought under the TCPA. The case is before the court on Plaintiff Class's Motion to Remand Again (Doc. 6). Plaintiff argues removal should be

---

[1] The initial complaint named "Radha Geismann, M.D., P.C." as plaintiff and "Aestheticare, L.L.C. and the Taranto Group, Inc." as defendants. (Doc. 1-2.) Aestheticare, L.L.C. was later dropped as a defendant because the Taranto Group, Inc., was the correct corporate entity. Plaintiff Critchfield intervened as the new named plaintiff by petition on November 12, 2008. (Doc. 1-3).

denied as untimely. Because the court concludes that the *Mims* decision does not provide a new basis for removal, and because defendant's notice of removal—filed several years after the commencement of this action arising under federal law—is untimely, the court grants plaintiff's motion.

**I.      Additional Facts**

On December 10, 2007, within 30 days of the plaintiff filing the original complaint, then-defendant Asetheticare, L.L.C. removed the action asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) (general diversity). Judge Kathryn Vratil issued an order granting plaintiff's motion for remand and finding that defendant had failed to establish that any putative class member asserted a claim for more than $75,000. Further, Judge Vratil declined to allow Aestheticare to amend its notice of removal pursuant to 28 U.S.C. § 1653 to allege a new amount in controversy under 28 U.S.C. § 1332(d) (class action jurisdiction – diversity and amount in controversy).

In that order, Judge Vratil noted that:

The TCPA is a federal law which generally prohibits the "use of any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). Because the TCPA provides that "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State" an action for violation of the statute, id. § 227(b)(3), several circuit courts have determined that claims under the TCPA do not involve federal questions, *see Fun Servs. of Kansas City, Inc. v. Hertz Equip. Rental Corp.*, No. 07-2244-CM, 2008 WL 341475, at *4 (D. Kan. Feb. 6, 2008) (discussing circuit court opinions which reject federal question jurisdiction under the TCPA). The Tenth Circuit has reserved ruling whether TCPA claims may be asserted as federal questions, *see U.S. Fax Law Ctr., Inc. v. iHire, Inc.*, 476 F.3d 1112, 1115 n.3 (10th Cir. 2007), but has determined that diversity jurisdiction may support such claims in federal court, *see id.* at 1117–18. Because Aestheticare does not assert federal question jurisdiction as a basis of removal, the Court need not consider whether TCPA claims may be brought as federal questions.

*Geismann v. Aestheticare, LLC*, 622 F. Supp. 2d 1091, 1094, n.2.

## II.     Judgment Standard

This court has federal question jurisdiction over "all claims 'arising under the Constitution, laws, or treaties of the United States.'" *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (citing 28 U.S.C. § 1331). A defendant may remove a case filed in state court if the plaintiff could have filed suit in federal court originally. 28 U.S.C. § 1441(a). The notice of removal shall be filed within 30 days of defendant's receipt of a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(2)(3). "Because the courts of the United States are courts of limited jurisdiction, there is a presumption against federal jurisdiction." *Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)). "Doubtful cases must be resolved in favor of remand." *Thurkill v. The Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)).

## III.    Analysis

The 30-day time period contained in the removal statute is not a mere guideline. Once it is expired, any attempt at removal is untimely unless some change in the nature of the action creates a new basis for removal. From this court' review of the case law and the commentary to the federal rules, a new basis for removal will generally only arise from some change within the action itself; an amended pleading, the addition of a party, or something similar. Generally, a decision in an unrelated case is not an "order or other paper" that will trigger the 30-day removal period. *See McCormick v. Excel Corp.*, 413 F. Supp. 2d 967, 970–71 (E.D. Wis. 2006); *Penn. v. Tap Pharm.*

*Prods. Inc.*, 415 F. Supp. 2d 516, 526–27 (E.D. Pa. 2005).

The *Mims* decision clearly indicates that the federal courts have concurrent jurisdiction—rather than exclusive jurisdiction— over private TCPA claims. *See Mims*, __ U.S. at __, 132 S. Ct. at 747. *Mims* did not, however, create this jurisdiction. *Mims* merely interpreted the language of the statute. *C.f. In re Mutual Funds Inv. Litig.*, 767 F. Supp. 2d 542, 545–46 (D. Md. 2011) (holding that removal was timely where filed within 30 days of appellate court mandate holding claims were removable, but regardless, plaintiffs waived their right to object to timeliness of removal through their affirmative activity in multidistrict litigation (MDL) settlement in federal court); *Haag v. Webster*, 434 F. Supp. 2d 732, 734 (W.D. Mo. 2006) (holding that decisions from other, unrelated cases may qualify as an "order or other paper" only if they "change the legal landscape" by making a previously unremovable case removable); *Landry v. Cross Country Bank*, 431 F. Supp. 2d 682, 686 (S.D. Tex. 2003) (holding defendant timely removed state law usury action after United States Supreme Court held state law usury claims against national banks were completely preempted by National Bank Act; decision broadened the law rather than merely clarifying it).

The release of a Supreme Court decision clarifying that claims under the TCPA can justify federal question jurisdiction does not constitute a new basis for removal under 28 U.S.C. § 1446. And the court disagrees with defendant's suggestion that until the *Mims* decision was issued there was no reasonable basis upon which to seek removal. Indeed, Judge Vratil's order remanding the action noted that the Tenth Circuit had reserved explicitly ruling whether TCPA claims may be asserted as federal questions, *see Geismann*, 622 F. Supp. 2d at 1094, n.2. (citing *U.S. Fax Law Ctr., Inc.*, 476 F.3d at 1115 n.3). Judge Vratil's order specifically noted that, because defendant did not raise federal question jurisdicition as a basis for removal, the court did not need to consider it. This

-4-

-5-

defendant could have pursued removal on the basis that the defendant in *Mims* did, but chose not to.

Removal statutes are strictly construed and the court resolves all doubts against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The court concludes that the *Mims* decision does not provide a new basis for removal, and defendant's notice of removal—filed several years after the commencement of this action arising under federal law—is untimely.

**IT IS THEREFORE ORDERED** that Plaintiff Class's Motion to Remand Again (Doc. 6) is granted.

Dated this 16th day of April, 2012, at Kansas City, Kansas.

s/ Carlos Murguia  
**CARLOS MURGUIA**  
**United States District Judge**